UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fangzeng Huang,<br><br>                     Plaintiff(s),<br><br>v.<br><br>Judith Almodovar et al.,<br><br>                     Defendant(s). | 25 Civ. 9346 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

On November 8, 2025, Petitioner Fangzeng Huang ("Petitioner" or "Mr. Huang") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") and seeking, *inter alia*, his immediate release from ICE custody. *See* Pet. for Writ of Habeas Corpus ("Petition"), ECF No. 1. Mr. Huang alleges that, on November 8, 2025, ICE agents arrested him while reporting for a scheduled immigration court appearance in Manhattan, in violation of the Due Process Clause of the Fifth Amendment.[1] *Id.* at ¶¶ 56-59. For the reasons stated herein, Mr. Huang's Petition is **GRANTED**.

## BACKGROUND

Mr. Huang is a citizen of China. *Id.* ¶ 15. Respondents contend that "[o]n October 27, 2023, a Border Patrol Officer with United States Customs and Border Protection ("CBP") encountered [Mr.] Huang near the San Diego California Border Patrol Sector Area[.]"

---

[1] In addition to Mr. Huang's procedural due process claim, his petition alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. § 1229a; and various federal regulations governing the issuance of bond. *See* Petition ¶¶ 49-55. Because the Court concludes that Mr. Huang's release is required by procedural due process, it does not address Mr. Huang's arguments on these claims.

So Decl. ¶ 4, ECF No. 8. Mr. Huang admitted to CBP that he was a native and citizen of China and had entered the United States without inspection and without the proper legal forms to enter, pass through, or remain in the country. *Id.* CBP determined that Mr. Huang had entered the United States from Mexico and had not been inspected by an Immigration Office upon entry. *Id.* On October 29, 2023, CBP served Mr. Huang with a Form I-200 warrant for his arrest under section 236 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226. *See id.* ¶ 6. CBP also served Mr. Huang with a Notice to Appear ("NTA") charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen[2] present in the United States "without being admitted or paroled, or who arrived in the United State[s] at a time or place other than as designated by the Attorney General." *Id.* ¶ 5. That same day, Mr. Huang was released on his own recognizance. *Id.* ¶ 6.

Since his release, Mr. Huang has lived in the United States and "maintains a stable source of income and a fixed residence" in Brooklyn. Petition ¶¶ 40, 43. He regularly attends church and "has never had any criminal record." *Id.* ¶ 43. On August 29, 2024, Mr. Huang filed an application for asylum and withholding of removal, which remains pending. *See* So Decl. ¶ 11; Petition ¶ 46.

Mr. Huang has actively participated in his immigration proceedings. On November 2, 2023, Mr. Huang reported to ICE to confirm his address and phone number. So Decl. ¶ 8. Prior to Mr. Huang's first immigration hearing, scheduled for July 16, 2024, the Immigration Court at 26 Federal Plaza in New York sent Mr. Huang notice that the hearing was cancelled and that all applications, evidence, and briefs were to be filed within 60 days. *Id.* ¶ 10. Mr. Huang filed his asylum application within that timeframe. *Id.* ¶ 11. On November 8, 2025, Mr. Huang

---

[2] This Opinion uses the terms "alien" and "noncitizen" interchangeably.

reported for a scheduled check-in at 26 Federal Plaza where he was arrested by ICE. *Id.* ¶ 12, Petition ¶ 41.

Mr. Huang alleges that he "was arrested and detained without any notice, explanation, or due process, including any individualized assessment of his danger to the community or flight risk." Pet'r's Resp. ¶ 7 ("Resp."), ECF No. 9. He says this is "consistent with a new DHS policy issued on July 8, 2025, instructing all [ICE] employees to consider anyone inadmissible" because they "entered the United States without admission or inspection . . . to be subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond." Petition ¶ 3. Mr. Huang further contends that this policy is consistent with a precedent decision issued by the Board of Immigration Appeals ("BIA") on September 5, 2025 "binding on all immigration judges . . . that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission." *Id.* ¶ 4.

After arresting Mr. Huang, ICE served him with a new I-200 warrant, again under section 236 of the INA, codified at 8 U.S.C. § 1226. So Decl. ¶ 13; Resp't Opp'n, Ex. D, ECF No. 6-4. He was transported to Delaney Hall Detention Facility in Newark, New Jersey and then, two days later, on November 10, 2025, Mr. Huang was again transferred to the Metropolitan Detention Center in Brooklyn, New York. So Decl. ¶¶ 14-15. Respondents now state Mr. Huang's detention is governed by INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226 as the November 2025 I-200 warrant indicates. *Id.* ¶ 13; Resp't Opp'n, Ex. D.

Mr. Huang filed this Petition on November 8, 2025, on the date of his arrest, seeking "release[] unless Respondents provide a bond hearing under § 1226(a) within seven days." Petition ¶ 7. This matter was assigned to the undersigned on Monday, November 10, 2025. *See* Nov. 10, 2025 Dkt. Entry. The next day, this Court, in order to preserve its jurisdiction, directed that Mr. Huang not be removed from the country during the pendency of this litigation. *See* O.S.C., ECF

No. 3. It further ordered Respondents to show cause why the Petition should not be granted by November 14, 2025; instructed Mr. Huang to submit any Reply by Tuesday, November 18, 2025; and scheduled a hearing for November 19, 2025, at 1 p.m. *Id.* at 1.

In accordance with this Court's Order to Show Cause, Respondents filed their opposition on November 14, 2025, in the form of a letter-brief explaining that the Court's decision on the principle legal issues in its opinion in *Lopez Benitez v. Francis*, --- F. Supp. 3d ---, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025), would control in this case, but preserving their right to appeal. *See* Gov't Letter at 2-3, ECF No. 7. Respondents stated that the Court could "decide this matter without further briefing." *Id.* at 3.

Petitioner filed a Reply on November 18, 2025. *See* Resp. In light of Respondents' concession, on November 18, 2025, the Court issued an order canceling the November 19, 2025 hearing, granting the Petition, and ordering that Mr. Huang be released from custody no later than November 19, 2025, at 5:00 p.m. *See* Order, ECF No. 10. It further directed Respondents to certify compliance with the Court's Order on the docket. *See id.* The Court noted that this Opinion and Order would follow. *See id.*

On November 19, 2025, Respondents certified by letter that Mr. Huang was released from ICE custody on November 19, 2025, in accordance with the Court's order. *See* Nov. 19, 2025 Letter, ECF No. 11.

## DISCUSSION

This Court decided the legal issues raised here in *Lopez Benitez v. Frances*, --- F. Supp. 3d---, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025). Respondents concede that the facts here are "materially indistinguishable" from those of *Lopez Benitez*, and thus the decision in *Lopez Benitez* "would control the result in this case if the Court adheres to those decisions." Gov't Letter at 3. The Court does indeed adhere to its decision in *Lopez Benitez*.

4

Like Mr. Lopez Benitez, Mr. Huang was initially charged with removability pursuant to 8 U.S.C. § 1226, *see Lopez Benitez*, 2025 WL 2371588, at *1; So Decl. ¶ 6, which provides for discretionary authority to detain noncitizens who are "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (citing 8 U.S.C. § 1226). Both Mr. Lopez Benitez and Mr. Huang were released from detention on their own recognizance, "in accordance with section 236 of the Immigration and Nationality Act,"—i.e., § 1226. *See Lopez Benitez*, 2025 WL 2371588, at *1; So Decl. ¶ 6. Once released, they filed applications for asylum, maintained no criminal history, and satisfied their immigration legal obligations. *See Lopez Benitez*, 2025 WL 2371588, at *1; So Decl. ¶ 11; Petition ¶¶ 40, 43, 46. Like Mr. Lopez Benitez, Mr. Huang was arrested outside of a scheduled immigration check-in and served with a new Form I-200 arrest warrant, again pursuant to 8 U.S.C. § 1226. *See Lopez Benitez*, 2025 WL 2371588, at *1; So Decl. ¶ 13; Resp't Opp'n. Ex. D; Gov't Letter at 2. Their re-detention occurred with no evidence suggesting any kind of individualized custody determination, including any material change in circumstances that preceded their 2025 arrests. *See Lopez Benitez*, 2025 WL 2371588, at *11; Gov't Letter at 3 (stating that circumstances of the two cases are "materially indistinguishable").[3]

The Court concludes that given the uncanny factual similarities between the two cases, the same legal standard—and the Court's ruling in *Lopez Benitez*—must govern the outcome of Mr. Huang's Due Process claim. For the reasons stated in *Lopez Benitez*, the Court holds that Mr. Huang was not subject to mandatory detention as a noncitizen "seeking admission" to the country under 8 U.S.C. § 1225, but rather may be subject to detention only on a discretionary basis under

---

[3] The Court takes the Government's assertion that the facts of this case are "materially indistinguishable" from those of *Lopez Benitez* as a concession of the principal factual allegations relevant to Mr. Huang's Due Process claim.

5

§ 1226. *See* 2025 WL 2371588, at \*3-9. [4] Furthermore, as in *Lopez Benitez*, there is no evidence of "an individualized assessment as to [Mr. Huang's] dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion." *Id.* at \*13. [5] Indeed, there is no evidence of any exercise of discretion at all. For the reasons given in *Lopez Benitez*, the Court holds that Mr. Huang's arrest and detention on November 8, 2025 violated his rights under the Due Process Clause. *See id.* at \*9-13. Moreover, Mr. Huang is not required to exhaust

---

[4] "Across the country, the government has repeatedly . . . detained noncitizens pursuant to § 1226(a), then, only afterward, argued that they were instead detained under § 1225(b)(2) and ineligible for bond. That has led to a raft of decisions, most of which have rejected the government's position." *J.G.O. v. Francis*, 25 Civ. 7233, 2025 WL 3040142, at \*2 (S.D.N.Y. Oct. 28, 2025); *see also Sanchez v. Wofford*, 25 Civ. 01187, 2025 WL 3089712, at \*7 (E.D. Cal. Nov. 5, 2025) (relying on how Government treated petitioner to support statutory classification of detention); *Gomes*, 2025 WL 1869299, at \*7-8 (relying on statute cited in warrant as supportive of detention being under § 1226 rather than under § 1225); *Maldonado v. Cabezas*, 25 Civ. 13004, 2025 WL 2985256, at \*4 (D.N.J. Oct. 23, 2025) (using DHS's prior classification of petitioner at bond hearing to support detention under § 1226(a)); *J.U. v. Maldonado*, 25 Civ. 4836, 2025 WL 2772765, at \*5 (E.D.N.Y. Sep. 29, 2025) (relying on how DHS's records related to petitioner's prior arrest and detention were pursuant only to § 1226 and not § 1225(b)); *Rico-Tapia v. Smith*, 25 Civ. 379, 2025 WL 2950089, at \*7 (D. Haw. Oct. 10, 2025) (relying on Government's prior order to reinforce detention as being under § 1226(a)); *Artiga v. Genalo*, 25 Civ. 5208, 2025 WL 2829434, at \*6 (E.D.N.Y. Oct. 5, 2025) (finding detention to be pursuant to § 1226(a) when DHS's records expressly state the statute); *Zumba v. Bondi*, 25 Civ. 14626, 2025 WL 2753496, at \*9 (D.N.J. Sep. 26, 2025) (noting that "[c]ourts have given great weight to the manner in which DHS treated the petitioner in determining which detention statute applies").

[5] Numerous courts have similarly held that detention on a discretionary basis pursuant to § 1226(a) requires such an individualized assessment. *See, e.g.*, *Martinez v. Hyde*, 25 Civ. 11613, 2025 WL 2084238, at \*9 (D. Mass. July 24, 2025); *Gomes v. Hyde*, 25 Civ. 11571, 2025 WL 1869299, at \*8 (D. Mass. July 7, 2025); *Vasquez Garcia v. Noem*, 25 Civ. 02180, 2025 WL 2549431 (S.D. Cal. Sep. 3, 2025); *Lopez-Campos v. Raycraft*, 25 Civ. 12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, 25 Civ. 01093, Doc. 20 (W.D. La. Aug. 27, 2025); *Benitez v. Noem*, 25 Civ. 02190, Doc. 11 (C.D. Cal. Aug. 26, 2025); *Leal-Hernandez v. Noem*, 25 Civ. 02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Romero v. Hyde*, 25 Civ. 11631, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Arrazola-Gonzalez v. Noem*, 25 Civ. 01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Aguilar Maldonado v. Olson*, 25 Civ. 3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Dos Santos v. Noem*, 25 Civ. 12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Rocha Rosado v. Figueroa*, 25 Civ. 02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Maldonado Bautista v. Santacruz*, 25 Civ. 01874, \*13 (C.D. Cal. July 28, 2025).

administrative remedies by appealing to an immigration judge, for the same reasons stated in *Lopez Benitez*. *See id.* at *13-14.[6] Accordingly, as the Court held in *Lopez Benitez*, Mr. Huang's Petition must be granted. *See id.* at *15.

## CONCLUSION

For the reasons stated above, Mr. Huang's Petition is **GRANTED**. Dozens of courts have rejected the positions taken by Respondents in this case. Yet the Government continues to engage in such random and arbitrary detentions of noncitizens who simply comply with their legal responsibilities by attending their regularly scheduled immigration court proceedings, in contravention of the basic guarantees of constitutional due process.

Respondents are further **ENJOINED** from re-detaining Mr. Huang without a valid exercise of discretion consistent with this Order. *Cf. Hyppolite v. Noem*, 25 Civ. 4304, 2025 WL 2829511, at *16 (E.D.N.Y. Oct. 6, 2025). It is further **ORDERED** that Respondents are **ENJOINED** from denying bond to Mr. Huang in any subsequent proceeding on the basis that he must be detained pursuant to: (1) 8 U.S.C. § 1225(b), or (2) 8 U.S.C. § 1226(c) absent a change in relevant circumstances consistent with this Order; and it is further **ORDERED** that, if Mr. Huang is granted bond, Respondents are **ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2). *Aguilar Lares*, 25 Civ 01562, ECF No. 19, Order.

---

[6] Numerous other courts have ordered immediate release of similarly-situated petitioners, rather than a bond hearing. *See, e.g.*, *Salinas v. Woosley*, No. 4:25 Civ. 121, 2025 WL 3243837, at *2 (W.D. Ky. Nov. 20, 2025); *Elias v. Knight*, No. 25 Civ. 594, 2025 WL 3228262, at *4 (D. Idaho Nov. 19, 2025); *Guzman Cardenas v. Almodovar*, No. 25 Civ. 9169, 2025 WL 3215573, at *3 (S.D.N.Y. Nov. 18, 2025); *Villegas ex rel. Guzman Andujar v. Francis*, No. 25 Civ. 9199, 2025 WL 3215597, at *8 (S.D.N.Y. Nov. 18, 2025); *Faizyan v. Casey*, No. 25 Civ. 2884, 2025 WL 3208844, at *4 (S.D. Cal. Nov. 17, 2025); *Gopie v. Lyons*, No. 25 Civ. 5229, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025); *Tumba Huamani v. Francis*, No. 25 Civ. 8110, 2025 WL 3079014, at *8 (S.D.N.Y. Nov. 4, 2025); *Kelly v. Almodovar*, No. 25 Civ. 6448, 2025 WL 2381591, at *3 (S.D.N.Y. Aug. 15, 2025).

Counsel for petitioner may file an application for attorney's fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within the time provided by the Local Rules.

The Clerk of Court is respectfully directed to enter judgement in Petitioner's favor pursuant to F.R.C.P. 58.

SO ORDERED.

Dated: November 25, 2025

New York, New York

DALE E. HO
United States District Judge